IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTUANE D. DANIEL, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:23-cv-619-ECM-SMD |
| | ) |
| K. JONES, *Officer of the Montgomery Alabama Police Department in Montgomery AL*, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Antuane D. Daniel ("Daniel") filed a civil rights complaint (Doc. 1) against the Montgomery Police Department. Daniel moved to proceed *in forma pauperis*, and the undersigned granted his request. Order (Doc. 11). After reviewing Daniel's complaint under 28 U.S.C. § 1915(e), the undersigned found that it failed to meet the federal pleading standards and failed to state a claim as a matter of law. Order (Doc. 13). Thus, the undersigned ordered Daniel to file an amended complaint. *Id.* On February 13, 2024, Daniel filed five documents, which the undersigned construed as an amended complaint and four exhibits. *See* Am. Compl. (Doc. 14); Exhs. (Docs. 14-1 through 14-4). Daniel's amended complaint is now before the undersigned for review. Pursuant to that review, the undersigned recommends that Daniel's amended complaint be dismissed.

**I.    AMENDED COMPLAINT**

The undersigned previously ordered Daniel to amend his complaint to, *inter alia*, clearly state the claim(s) he asserts, provide the statutory basis for those claims, and provide

the Court with clear, concise underlying facts—set forth in numbered paragraphs—supporting those claims. Order (Doc. 13). Additionally, because Daniel named only the Montgomery Police Department—which is not an entity subject to suit—as a defendant in his original complaint, the undersigned ordered him to name a defendant capable of suit in his amended complaint. *Id.*

Like his original complaint, Daniel's amended complaint is far from a model of clarity. As best the undersigned can tell, Daniel's lawsuit arises from two incidents with Montgomery police officers. *See generally* Am. Compl. (Doc. 14). First, Daniel alleges that Officer "K. Jones" assaulted him outside of a Walmart Supercenter in Montgomery on March 13, 2023. *Id.* at 1-9. Second, Daniel seems to allege that Montgomery police officers assaulted him while arresting him for disorderly conduct on December 26, 2023. *Id.* at 10-17. Daniel names Officer Jones as the sole defendant. *See id.* at 1.

The exhibits to the amended complaint do not clarify Daniel's claims or the facts underlying those claims. The exhibits include patient information on inguinal hernias from Jackson Hospital, Exh. (Doc. 14-1); citations from the Alabama Constitution and other legal authorities, Exh. (Doc. 14-2); and a list of sections from the Alabama Constitution, Exhs. (Docs. 14-3, 14-4). It is unclear how much of this information relates to Daniel's claims, as Daniel makes no attempt to tie the information he provides to his alleged facts or claims.

## II.  SECTION 1915 REVIEW

Twenty-eight U.S.C. § 1915(e)(2)(B) instructs a court to dismiss an *in forma pauperis* complaint that is "frivolous or malicious," "fails to state a claim on which relief

2

may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A claim may be frivolous on either factual or legal grounds. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Claims that describe "fantastic or delusional scenarios" are factually frivolous, while claims based on "indisputably meritless legal theor[ies]," such as those against defendants who are immune from suit or those based on the violation of a legal right that does not exist, are legally frivolous. *Id*. at 327-28. "Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible on its face.'" *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015).

A court should construe a pro se complaint "more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, although a "less stringent standard" is applied to pro se pleadings, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

**III.   ANALYSIS**

While Daniel's amended complaint now names a defendant capable of suit, it continues to fall woefully short of the federal pleading standards. Like the original

complaint, the amended complaint does not allege the basis of this Court's jurisdiction or identify the claim(s) Daniel asserts against the defendant. To be sure, Daniel alleges that Officer Jones's conduct violated the Alabama Constitution and the United States Code, and he lists a plethora of specific provisions from these authorities in his exhibits.[1] *See* Am. Compl. (Doc. 14) pp. 7-9; Exhs. (Docs. 14-2 through 14-4). However, he does not tie these provisions to his claims or facts, nor does he otherwise articulate how they give rise to a cause of action. The undersigned therefore remains unable to discern what claim(s) Daniel asserts against the defendant, how the various authorities he cites provide a basis for those claims, and how those claims give rise to this Court's jurisdiction.

Further, although the amended complaint includes more factual detail than the original complaint, it still lacks clear and concise facts, making it impossible for the undersigned to determine the basis of the present lawsuit. For instance, as set forth above, Daniel describes two encounters with Montgomery police officers. Am. Compl. (Doc. 14). But he only mentions Officer Jones—the sole defendant—when describing the first alleged incident, suggesting that Officer Jones may not have been involved in the second alleged incident. Daniel also describes in a rambling and incoherent fashion a chain of events resulting from the two encounters in his amended complaint. For example, Daniel seems to allege that the December 26, 2023, assault: (1) was in retaliation for filing a lawsuit

---

[1] Specifically, Daniel cites Sections 1, 4, 10, 12, 13, 17, and 33 of the Alabama Constitution. Exh. (Doc. 14-2) p. 1. Daniel also appears to cite a case from the United States Court of Appeals for the Ninth Circuit, *United States v. Koon*, 34 F.3d 1416, 1425 (9th Cir. 1994), and he lists various legal authorities discussed in that case. *Id.* at 2. Finally, Daniel cites what appear to be sections 1, 4, 5, 6, 10, 12, 13, 17, 22, 25, 31, 33, and 35 of the Alabama Constitution, which he titles "Article 1 declaration of rights." Exhs. (Docs. 14-3, 14-4).

against the Montgomery Police Department;[2] (2) involved religious discrimination by the Chief of Police in Montgomery; (3) resulted in his hospitalization for an inguinal hernia and subsequent mistreatment of his medical condition while in jail; and (4) resulted in reputational harm. *Id.* at 10-17. But because Daniel's description of these events is so unclear, the undersigned cannot reasonably determine—even under a liberal construction of the amended complaint—the claims Daniel intends to assert against the defendant based on his factual allegations.

Finally, Daniel does not state the type of relief he seeks against the Defendant. Therefore, the undersigned is unable to determine whether Daniel seeks relief that the Court can ultimately provide.

In sum, Daniel's amended complaint fails to satisfy the federal pleading standards because it does not (1) set forth this Court's jurisdiction; (2) identify his claims; (3) state facts in a clear and concise manner within numbered paragraphs; and (4) identify the relief he seeks. Daniel has already been afforded an opportunity to amend his complaint and was provided with specific instructions on how to do so. He has not heeded those instructions. Therefore, under these circumstances, the Court should not rewrite Daniel's amended complaint or allow further amendment.

---

[2] Daniel filed his original complaint on October 23, 2023. Compl. (Doc. 1). However, in his original complaint, he referenced only the March 13, 2023, assault. *Id.* It is unclear whether Daniel is presently alleging that the December 26, 2023, assault was in retaliation for filing the present lawsuit. Furthermore, because these two events are potentially unrelated and likely involve different defendants, it is unclear whether they properly form the basis of the same lawsuit.

## IV.  CONCLUSION

For these reasons, it is the

RECOMMENDATION of the undersigned United States Magistrate Judge that Daniel's amended complaint (Doc. 14) be DISMISSED without further opportunity to amend. It is further

ORDERED that Daniel shall file any objections to this Recommendation **on or before March 26, 2024**.  Daniel must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar Daniel from a de novo determination by the district court of legal and factual issues covered in the Recommendation and waives the right of Daniel to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 12th day of March, 2024.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE